**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| TIMOTHY J. TRACY,<br><br>Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | No. C 11-3072-MWB<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION** |

---

This case is before me on a Report And Recommendation (docket no. 14) from United States Magistrate Judge Leonard Strand in this appeal of denial by an administrative law judge (ALJ) of Title II disability insurance benefits for the period of time beginning June 15, 2006 and ending September 21, 2008.[1] Judge Strand concluded that the ALJ erred in failing to give controlling weight to Dr. Congello's opinions and the social security regulations require a finding of disability as of the onset date of June 15, 2006. He therefore recommended that this matter be reversed and remanded for an award of benefits. No party has filed objections to the Report And Recommendation.

I review Judge Strand's Report And Recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part,

[1] Tracy has been granted benefits effective September 22, 2008. As such, the dispute in this case involves only the period of time between September 22, 2008 and his earlier alleged onset date of June 15, 2006.

> the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28. U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. Ia. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's Report And Recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's Report And Recommendation at any time. *Id.* If a party files an objection to the magistrate judge's Report And Recommendation, however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I review Judge Strand's Report And Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to

Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

While I examine Judge Strand's Report And Recommendation for clear error, I also review the Commissioner's decision to determine whether the correct legal standards were applied and "whether the Commissioner's findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)). Under this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also Page*, 484 F.3d at 1042. In reviewing the Commissioner's denial of benefits to determine if it is supported by substantial evidence, the court must "not only . . . consider evidence in the record that supports the Commissioner's determination, but also any evidence that detracts from that conclusion." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (citing *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001)). Nonetheless, even if a court "might have reached a different conclusion had [it] been the initial finder of fact," the Commissioner's decision will not be disturbed "unless the record contains insufficient evidence to support the outcome." *See Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (citations omitted).

Having reviewed the record, and Judge Strand's very thorough and well-written findings of fact and conclusions of law in the December 28, 2012, Report And

Recommendation, I find no error and **accept** the Report And Recommendation. Therefore, pursuant to Judge Strand's recommendation, the ALJ's denial of benefits is **reversed** for judgment to be entered in favor of Tracy and against the Commissioner. This matter is **remanded** pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits with a disability onset date of June 15, 2006. *See Hanna v. Chater*, 930 F. Supp. 378, 385-86 (N.D. Iowa 1996) ("[I]n order to remand a case such as this one, which falls under sentence four of 42 U.S.C. § 405(g), the court must either affirm, modify or reverse the decision so that it will be considered a final judgment. *Melkonyan [v. Sullivan]*, 501 U.S. [89,] 101, 111 S. Ct. [2157,] 2164-65, [115 L. Ed. 2d 78 (1991)]; *see also Shalala v. Schaefer*, 509 U.S. 292, 297 & n. 1, 113 S. Ct. 2625, 2629 & n. 1, 125 L. Ed. 2d 239 (1993) (holding 'a district court remanding a case pursuant to sentence four of § 405(g) must order judgment in the case and may not retain jurisdiction over the administrative proceedings on remand.')."); *see also Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (explaining the differences between "sentence four" and "sentence six" remands). Judgment shall enter accordingly. *See id.*

**IT IS SO ORDERED**.

**DATED** this 6th day of February, 2013.

Mark W. Bennett

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA