# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY TRACY,<br><br>        Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | No. C 11-3072-MWB<br><br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412(d)** |

_____

## I.    INTRODUCTION

This case comes before me on plaintiff Timothy Tracy's February 19, 2013, Motion For Award Of Attorney Fees Pursuant To The Equal Access To Justice Act 28 U.S.C. § 2412(d) (docket no. 17). On February 6, 2013, I reversed and remanded this case pursuant to sentence four of 42 U.S.C. § 405(g) for an award of benefits (docket no. 15). That same day, the Clerk of Court entered judgment in favor of Tracy.

In his pending motion, Tracy requests $4,605.00 in attorney fees, $100.97 in expenses, and $350.00 in costs under the Equal Access to Justice Act (EAJA). Tracy includes Plaintiff's Affidavit And Assignment Of EAJA Fee, Plaintiff's Attorney Affidavit In Support Of Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act 28 U.S.C. § 2412(d), an itemization of hours that his attorney worked on his case, and a Bill Of Costs (docket no. 18). Tracy's attorney worked a total of 30.7 hours on this case with an hourly rate of $150. Tracy asks that any EAJA attorney fees be paid directly to his attorney, pursuant to his fee agreement.

The Commissioner has no objection to Tracy's requested fees, expenses, and costs. The Commissioner filed a Response (docket no. 19) on March 5, 2013, requesting that I enter an order specifically awarding attorney fees and expenses of $4,705.97 to be paid by the Social Security Administration and costs of $350.00 to be paid from the Judgment Fund, in accordance with *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

## II. ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the Equal Access To Justice Act, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). If attorney fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, Tracy is the clear prevailing party and timely filed his motion for attorney fees. He alleges in his motion that the position of the Commissioner "was not

substantially justified," docket no. 17 at 2, and I agree. Moreover, the Commissioner does not object to the award of fees, expenses, and costs in this case. The request of $4,605.00 in attorney fees for 30.7 hours of work by Tracy's attorney, $100.97 in expenses, and $350.00 in costs is reasonable. Thus, I find that Tracy's request under the EAJA is just and appropriate.

As to who shall receive the attorney fees, Tracy or his attorney, the United States Supreme Court recently held that attorney fees under 28 U.S.C. § 2412(d) are payable to the litigant, not directly to the litigant's attorney, and are thus subject to an offset if the litigant has outstanding debts to the United States. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524–26 (2010). Tracy, nonetheless, requests that EAJA fees be paid directly to his attorney, pursuant to his affidavit and assignment of EAJA fees.

The Eighth Circuit Court of Appeals has not had occasion to consider this issue since the Court's decision in *Ratliff*, but several district courts in this circuit have read *Ratliff* to permit courts to award fees directly to the litigant's attorney, subject to offset for the litigant's debt to the United States, where a litigant has assigned any EAJA fees to her attorney. *See, e.g., Sahs v. Astrue*, 832 F. Supp. 2d 1066, 1069 (D. Neb. 2011) ("Because Sahs expressly authorized direct payment to his attorney, . . . I will order that payment be made directly to Sahs' attorney, after an offset is made for any pre-existing debt owed by Sahs to the United States"); *Johnson v. Astrue*, No. CIV 10-4052-RAL, 2011 WL 4458850, at *10 (D.S.D. 2011 Sept. 23, 2011) ("Paying the fee award, minus any offset, directly to [plaintiff's] attorney, in accordance with [plaintiff's] intent, is not inconsistent with *Ratliff*. Indeed, by honoring [plaintiff's] instructions, this Court recognizes that the fee award belongs to [plaintiff]."); *Meyer v. Astrue*, Civ. No. 09-3205 (MJD/LIB), 2011 WL 4036398, at *3 (D. Minn. Aug. 25, 2011). Other courts in this circuit, however, have determined that, pursuant to *Ratliff*, a court must award fees to the litigant, not the litigant's attorney, no matter if the

3

litigant has assigned fees to her attorney. *See, e.g.*, *Wilson v. Astrue*, No. 4:10CV01759 AGF, 2011 WL 6945163, at *1 (E.D. Mo. Dec. 30, 2011) ("The Court . . . believes that the better practice is to follow the Supreme Court's directive in *Ratliff* that under the EAJA, an award of attorney's fees be made to the 'prevailing party.'"); *Rathke v. Astrue*, No. CIV. 08-5084-JLV, 2010 WL 3353380, at *3 (D.S.D. Aug. 23, 2010) (awarding fees to plaintiff under *Ratliff*, despite fee agreement in which plaintiff assigned any EAJA fees to his attorney).

I do not interpret *Ratliff* to allow me to award fees directly to a litigant's attorney, even where the litigant has assigned EAJA fees to his attorney. While the *Ratliff* Court did acknowledge the government's practice of paying EAJA fees directly to a litigant's attorney, where the litigant owed no debts to the United States and had assigned her EAJA fees to her attorney, the Court concluded that this practice did not alter its conclusion that the EAJA directs courts to award fees to litigants, not litigant's attorneys—and thus rejected Ratliff's argument to the contrary. *See Ratliff*, 130 S. Ct. at 2529 ("[N]othing about the Government's past payment practices altered the statutory text that governs this case . . . ."); *see also Wilson*, 2011 WL 6945163, at *1 ("The Court disagrees with the interpretation of *Ratliff* espoused by the parties. In its decision, the Supreme Court stated that the Government's history of paying EAJA awards directly to attorneys where the plaintiff did not have federal debt and where the plaintiff had assigned the right to receive the fees to the attorney did not change the Supreme Court's interpretation of the EAJA requiring that an award of attorney's fees be made directly to the 'prevailing party.'" (quoting *Ratliff*, 130 S. Ct. at 2529)). A litigant's assignment of fees to her attorney does not permit a court to circumvent *Ratliff's* conclusion that a court must award EAJA fees to the litigant, as the *Ratliff* Court made clear when discussing an attorney contractual rights to EAJA fees: "The fact that the statute awards to the prevailing party fees in which her attorney may have a

beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." *See Ratliff*, 130 S. Ct. at 2526; *see also id.* at 2529–30 (Sotomayor, J., concurring) ("I join the Court's opinion because I agree that the text of the Equal Access to Justice Act (EAJA) and our precedents compel the conclusion that an attorney fee award under 28 U.S.C. § 2412(d) is payable to the prevailing litigant rather than the attorney. The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.").

Therefore, in accordance with *Ratliff*, I award $4,705.97 in fees and expenses and $350.00 in costs, which is subject to offset for any debts Tracy may owe to the United States and payable directly to plaintiff Tracy. Nonetheless, if consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Tracy's attorney, Jackie D. Armstrong. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

### III. CONCLUSION

THEREFORE, Tracy's Motion For Award Of Attorney Fees Pursuant To The Equal Access To Justice Act 28 U.S.C. § 2412(d) (docket no. 17) is **granted in part and denied in part.** Tracy's motion is **granted,** to the extent that Tracy is awarded $4,705.97 in attorney fees and expenses to be paid by the Social Security Administration and $350.00 in costs to be paid from the Judgment Fund, which is subject to offset for any debts Tracy may owe to the United States. Tracy's motion is **denied,** to the extent that his EAJA fees award is payable directly to plaintiff Tracy, not his attorney. Nonetheless, if consistent with the Commissioner's and the

Department of Treasury's practice, the EAJA payment may be mailed to Tracy's attorney, Jackie D. Armstrong.

**IT IS SO ORDERED**.

**DATED** this 25th day of March, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA